UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ISAAC CORBELLO ET AL**            **CASE NO. 2:22-CV-05567**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**GARRISON PROPERTY & CASUALTY INSURANCE CO**            **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the court are a Motion to Remand [doc. 12] filed by plaintiffs and a Motion to Dismiss [doc. 15] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant USAA Casualty Insurance Company ("USAA CIC"). Both motions are opposed. Docs. 17, 18.

### I.
#### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times, the home was insured under a policy issued by Garrison Property and Casualty Insurance Company ("Garrison"), which is a subsidiary of USAA CIC. Doc. 15, atts. 3 & 4. Plaintiffs allege that their insurer failed to timely and adequately compensate them for covered losses. They filed suit on August 26, 2022, in the Thirty-Sixth Judicial District Court, Beauregard Parish, Louisiana, against both Garrison and USAA CIC. Doc. 1, att. 1. Garrison removed the suit to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Plaintiffs now move to remand the suit, arguing that removal was procedurally defective because USAA CIC did not join in or consent to the removal. Doc. 12. They also assert that Garrison failed to establish that the amount in controversy requirement was met. *Id.* USAA CIC opposes the motion, asserting that its consent was not required because it is not a proper party to the suit. It also moves for dismissal of the claims against it on the grounds that it did not issue the insurance policy at issue. Doc. 15. Plaintiffs oppose the motion, arguing that the court should rule on the motion to remand first and should not pierce the pleadings to determine whether USAA CIC is a proper party. Doc. 18.

## II.
## LAW & APPLICATION

### A. Motion to Remand

Federal courts have original jurisdiction over all suits between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2000). Under the "rule of unanimity," "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The failure of an improperly joined defendant to consent, however, will not provide grounds for remand. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

Improper joinder may be established when the moving party shows that there is no possibility of recovery against a defendant. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). The district court should only proceed with a "summary inquiry," however, identifying "discrete and undisputed facts that would preclude plaintiff's recovery against the . . . defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004). As with a summary judgment motion, the Fifth Circuit instructed:

> We resolve factual controversies in favor of the non-moving party, but *only* when there is an actual controversy, that is, when *both* parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the non-moving party could or would prove the necessary facts*.

*Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000) (cleaned up; emphasis in original).

Plaintiffs alleged that both defendants were their insurers and asserted claims against them based on breach of the insurance policy and the insurer's handling of the claim. Policy documents provided by USAA CIC show that Garrison issued the policy. While USAA CIC admits that Garrison is its subsidiary, plaintiffs have alleged no basis for piercing the corporate veil or otherwise holding one corporate entity liable for the actions of another. Accordingly, the undisputed facts show that USAA CIC is not a proper defendant for plaintiffs' claims and was not required to consent to removal.

As for plaintiffs' assertions regarding the amount in controversy, Louisiana law prohibits a plaintiff from specifying the numerical value of claimed damages. Accordingly, the removing defendant may prove that amount by "demonstrating that the claims are likely above $75,000 in sum or value, or setting forth the facts in controversy that support a

finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Here Garrison asserted in the Notice of Removal that plaintiffs submitted an estimate exceeding $100,000, and that there are other unpaid invoices including one for water mitigation exceeding $40,000. Doc. 1, p. 3. Plaintiffs do not dispute these assertions but instead point to Garrison's failure to attach any proof to the notice of removal. The Supreme Court has rejected such a requirement at this stage:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee Basin Oper. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Accordingly, Garrison's allegations in the notice of removal suffice to establish that the court has diversity jurisdiction.

### B. Motion to Dismiss

#### 1. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### 2. Application

The court may consider plaintiffs' insurance policy within the scope of the 12(b)(6) motion, as it is both central to and referenced in the complaint. This document shows, for the reasons stated above, that USAA CIC is not the proper party to the breach of insurance contract or bad faith claims made by plaintiffs. Plaintiffs have given no indication of their desire to amend the complaint. Accordingly, the claims against USAA CIC should be dismissed with prejudice.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Remand [doc. 12] will be **DENIED** and the Motion to Dismiss [doc. 15] will be **GRANTED**. Plaintiffs' claims against USAA CIC will thus be **DISMISSED WITH PREJUDICE**, leaving their claims against Garrison to proceed through the Case Management Order.

**THUS DONE AND SIGNED** in Chambers on the 21st day of June, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**